IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR116 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ROBERT MCFARLAND, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 196) and defendant's motion to be released pending ruling on § 2255 motion.  (Filing No. 203).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After pleading guilty to Count I of the Indictment charging him with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 371 and 1344 defendant was sentenced to eighteen months in the custody of the Bureau of Prisons to be followed by three years of supervised release.  (Filing No. 107).  Defendant filed a direct appeal arguing that the district court erred by refusing to grant him a downward departure because his criminal

history was overstated, and imposed an unreasonable sentence. (Filing No. 170-1). The Eighth Circuit affirmed this court's sentence. (Filing No. 170-1).

In his § 2255 motion defendant asks this court to vacate his sentence because his codefendant was given a lesser sentence for cashing more checks than defendant and because he is receiving no benefit from his anticipated cooperation with the government.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quotations and citations omitted).

With respect to defendant's first challenge to his sentence, this claim is not cognizable in a § 2255 motion. Defendant's claim does not raise a constitutional challenge to his sentence nor does it allege a violation of a federal statute or rule that resulted in a complete miscarriage of justice.

Furthermore, even if defendant's claim were cognizable, defendant waived this claim. A petitioner cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v.*

*United States*, 25 F.3d 704, 706 (8th Cir.1994).  Even constitutional or jurisdictional claims that could have been raised on direct appeal but were not are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice or actual innocence.  *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).

Second, defendant's claim that his sentence should be altered because he is not receiving any benefit from his anticipated cooperation with the government also fails.  The defendant's plea agreement states:

> [b]y signing this agreement, the defendant acknowledges that he has been fully advised by [his] attorney regarding the defendant's rights to challenge the failure of the United States Attorney or her designate to move for any departure contemplated by the terms and conditions of this plea agreement, including actions pursuant to 28 U.S.C. §§ 2255 and 2241 and coram nobis actions and the defendant knowingly and voluntarily agrees to waive any right which he may have to challenge the government's decision to not file or seek downward departure pursuant to Title 18 U.S.C. 3553 (e), Rule 35 (b), or § 5K1.1. USSG, except upon a substantial showing by the defendant that any such decision was based upon an unconstitutional motive related to the defendant's race, religion, gender or national origin.  (Filing No. 65).

Accordingly, defendant has waived his right to challenge the government's decision whether or not to file a rule 35 motion or request for downward departure on defendant's behalf.

Based on the above, it plainly appears from the face of the motion and the record that the movant is not entitled to relief.

IT IS ORDERED:

1.   The defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 196) is denied;

2.	The defendant's Motion to be released pending ruling on § 2255 motion (Filing No. 203) is denied as moot;

3.	A separate judgment will be entered; and

4.	The Clerk of Court is directed to send a copy of this memorandum and Order to defendant at his last known address.

DATED this 19th day of September, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge